**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO.**

**JEFFREY S. MARON,**
**Plaintiff**

**VS.**

CA 05 465ML

**H.R.M., INC., and**
**MARINE RESCUE SERVICE, INC.**
**Defendants**

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201, ET.SEQ. AND F.R.CIV.P.57**

Now comes the Plaintiff, Jeffrey S. Maron, in the above-entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C., and files his Complaint for Declaratory Judgment and states as follows:

**JURISDICTION**

1. This action is an action brought pursuant to the court's admiralty jurisdiction, 28 U.S.C. §1333, and is a matter within the meaning of Rule 9(h), of the Federal Rules of Civil Procedure.

**VENUE**

2. Venue is properly established in this court pursuant to 28 U.S.C. §1391(b), in that the incident occurred on Block Island, Rhode Island, within the jurisdiction of this Honorable Court.

**THE PARTIES**

3. The Plaintiff, Jeffrey S. Maron, is a resident of 1955 Cromwell Avenue, Bronx, New York 10452 and at all times material hereto was the owner of the M/V MARONER, a 2004 40 foot formula motor yacht.

4. The Defendant, H.R.M., Inc. is a Rhode Island corporation with a principal place of business at 60 Reynolds Street, Wickford, Rhode Island.

5. The Defendant, Marine Rescue, Inc., is a Rhode Island corporation with a principal place of business of business at 60 Reynolds Street, Wickford, Rhode Island.

**CLAIM FOR RELIEF**

6. This is an action brought pursuant to 28 U.S.C. §2201 et. seq. and Rule 57 of the Federal Rules of Civil Procedure and seeks a declaration concerning liability to defendants for any alleged marine services and, if so, in what amount.

**COUNT I**

7. Jeffrey S. Maron reaffirms and realleges its allegations contained in Paragraphs 1 through 6, inclusive, with the same force and affect as if more fully set forth herein.

8. On July 23, 2005, the plaintiff and his family were visiting Block Island, Rhode Island and were directed by

Phase Marina to dock the M/V MARONER in a specific location.

9. The defendant maintains that at 1605 hours on July 23, 2005, it intercepted a VHF radio broadcast indicating that a vessel had dragged its anchor and was in contact with two other vessels, the M/V CHERYL ANN and the M/V MOXIE.

10. The defendants maintain that they performed services for the vessel in removing them from this location.

11. Neither the M/V CHERYL ANN, the M/V MOXIE nor the M/V MARONER sustained any damage in this alleged incident and no claims have been submitted.

12. At no time did plaintiff request any services be performed by defendants.

**WHEREFORE**, the plaintiff, Jeffrey S. Maron, prays for a Judgment declaring that he is not liable for any services performed by the defendants and/or for a determination as to the value of the services, if any, and such other and further relief as this Honorable Court deems just and proper.

Dated at Boston, MA this 10th day of November, 2005.

Respectfully Submitted,

By his attorneys,

**CLINTON & MUZYKA, P.C.**

Robert E. Collins
**BBO NO. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165